UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER BARKSDALE,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>UNITED STATES OF AMERICA, *et al.*,  )<br>)<br>Defendants.  ) | Case: 1:16-cv-01120  Jury Demand<br>Assigned To : Unassigned<br>Assign. Date : 6/15/2016<br>Description: Pro Se Gen. Civil (F Deck) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff is a *pro se* litigant who is not now a prisoner. His claims appear to arise from the disposition of civil actions brought in the United States District Court for the Northern District of Ohio by application of 28 U.S.C. § 1915, *see generally* Compl. ¶¶ 35-40, and local court rules, *see, e.g., id.* ¶ 46, without issuing summonses, serving the defendants, or affording him an opportunity to amend his pleadings, *see, e.g., id.* ¶¶ 77, 115. Insofar as plaintiff demands damages, *see id.* ¶ 249, for injuries allegedly sustained as a result of the court's rulings, *see id.* ¶¶ 202-16, his claims fail. No federal district court has the authority to review the decision of another federal district court. *See, e.g., Klayman v. Kollar-Kotelly*, No. 12-5340, 2013 WL 2395909, at *1 (D.C. Cir. May 20, 2013) (per curiam) ("[T]his court has concluded that one district court does not have jurisdiction to review the decisions of another district court or federal appellate court . . . or to take disciplinary action against other federal judges . . . ."); *Jones v. Supreme Court of the United States*, 405 F. App'x 508 (D.C. Cir. 2010) (per curiam) ("The

district court properly held that it lacked jurisdiction to review decisions of the United States Supreme Court, . . . federal appellate courts, . . . or other district courts . . . ."); *Mullis v. U.S. Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987) (noting that "[a] district court lacks authority to issue a writ of mandamus to another district court")

An Order is issued separately.

DATE: 6/13/16

United States District Judge